**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silvia Esperanza Solis,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-00093-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Silvia Esperanza Solis's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 19, "Def.'s Br."), and Plaintiff's Reply (Doc. 20, "Reply"). The Court has reviewed the briefs and the Administrative Record (Doc. 11, R.) and now reverses the decision of the Administrative Law Judge ("ALJ") as upheld by the Appeals Council.

**I.    BACKGROUND**

Plaintiff filed her Application for Disability Insurance Benefits on August 15, 2012, and her Application for Supplemental Security Income on August 22, 2012, both for a period of disability beginning April 30, 2010. (R. at 13.) Plaintiff's claims were denied initially on November 7, 2012, and upon reconsideration on March 19, 2014. (R. at 13.)

Plaintiff then testified at a hearing held before an ALJ on September 22, 2015. (R. at 35–78.) On November 18, 2015, the ALJ denied Plaintiff's Applications. (R. at 13–25.) On November 16, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1–3.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of obesity and depressive disorder (R. at 15), but that Plaintiff has the residual functional capacity ("RFC") to perform her past work as a Certified Nursing Assistant ("CNA"), such that Plaintiff is not disabled under the Act. (R. at 18–25.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

*v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III.  ANALYSIS

Plaintiff raises four arguments on appeal: (1) the ALJ erred by finding that Plaintiff has the RFC for simple work but can perform semi-skilled work, which is inconsistent with the Dictionary of Occupational Titles ("DOT"); (2) the ALJ erred by failing to incorporate into Plaintiff's RFC physical and mental limitations identified by Plaintiff's examining physician and the reviewing physicians; (3) the ALJ erred in determining that Plaintiff's testimony was not entirely credible; and (4) the ALJ erred in rejecting the lay witness testimony of Plaintiff's sister. (Pl.'s Br. at 15–25.)

### A.  The ALJ Failed to Reconcile the Inconsistency Between Plaintiff's RFC and the DOT Classification of Plaintiff's Past Work

Plaintiff first argues that the ALJ erred by concluding that Plaintiff could perform her past work as a CNA, which requires a DOT General Educational Development ("GED") reasoning level of three—the ability to apply "commonsense understanding to

carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." (Pl.'s Br. at 17 (internal quotations omitted).) This conclusion was inconsistent with the ALJ's finding—based on the ALJ's reliance on the medical opinion of Dr. Littlefield, an examining psychologist—that Plaintiff's RFC limited her "to simple, repetitive tasks, which by definition means that she has difficulty understanding or remembering detailed instructions." (Pl.'s Br. at 17 (internal quotations omitted).) In other words, Plaintiff contends that the ALJ concluded Plaintiff could perform a DOT GED reasoning level three job when the ALJ's RFC limited Plaintiff to a GED reasoning level one or two job. *See Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) (noting "the one vocational consideration directly on point with [a limitation to simple repetitive tasks] is a job's reasoning level score"). The Court agrees that the ALJ erred in concluding that Plaintiff could perform her past relevant work as a CNA, which requires a higher GED reasoning level than that the ALJ herself assigned to Plaintiff based on substantial evidence in the record. For this reason alone, the Court must reverse the ALJ's decision.

### B. The ALJ Erred in Failing to Incorporate the Findings of Plaintiff's Examining Physicians

Plaintiff next argues that the ALJ erred by failing to incorporate into Plaintiff's RFC key findings by the examining physicians that were supported by substantial evidence in the record, and the Court again agrees. Dr. Steingard and Dr. Littlefield—both of whom examined Plaintiff—concluded that Plaintiff had moderate limitations in social interaction and functioning, cognitive impairment, and limitations in concentration and persistence. For example, among many other things in her detailed report, Dr. Steingard observed Plaintiff "will be exceptionally slow in the workplace, even with simple tasks" and social interaction "is limited because of the significant depression." (R. at 410-16.) The ALJ gave "some weight" to Dr. Steingard's opinions and "significant weight" to Dr. Littlefield's opinions (R. at 24) but either neglected to incorporate or selectively disregarded certain of these examining physicians' opinions in his formulation of Plaintiff's RFC. The ALJ's

reasoning for the selective incorporation, to the extent it exists, is cursory and lacking in detail. (*See* R. at 24.)

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating [her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ's constructive discounting of certain of Dr. Steingard's and Dr. Littlefield's findings is neither sufficiently substantiated in the ALJ's opinion nor supported by substantial evidence in the record. The medical findings were consistent with not only the observations made by the doctors in their own examinations, but also with Plaintiff's treatment records. (*E.g.*, R. at 443-45, 519, 522, 531, 534-36, 539.) Moreover, by stating in conclusory fashion that, for example, Dr. Steingard's opinion that Plaintiff's ability in the workplace would be poor is "unsupported by the objective evidence in the record" (R. at 24), the ALJ fails to meet the legal standard for discounting an examining physician's medical opinion. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Plaintiff's counsel posed hypotheticals to the Vocational Expert (VE) that did incorporate the limitations set forth by Dr. Steingard and Dr. Littlefield, and the VE concluded that a person with those limitations could perform no work. (R. at 69-71.) Had the ALJ properly incorporated the findings of Dr. Steingard and Dr. Littlefield in Plaintiff's RFC, he would have been compelled to conclude that Plaintiff is disabled under the Act. The Court thus need not examine the other grounds for reversal raised by Plaintiff, although the Court would also find that the ALJ erred in failing to fully credit the Plaintiff's testimony as to her limitations.

### C. The Credit-as-True Rule Applies

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl.'s Br. at 25.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the credit-as-true rule applies. As the Court discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of the examining physicians. If this evidence is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison v. Colvin*, 759 F.3d 995, 1022-23 (9th Cir. 2014); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 & n.12 (9th Cir. 2007).

### IV. CONCLUSION

Plaintiff raises materially harmful error on the part of the ALJ, and, for the reasons set forth above, the Court must reverse the SSA's decision denying Plaintiff's Applications for Disability Insurance and Supplemental Security Income benefits under the Act and remand for a calculation of benefits.

**IT IS THEREFORE ORDERED** reversing the November 18, 2015 decision of the Administrative Law Judge, (R. at 13–25), as upheld by the Appeals Council on November 16, 2016, (R. at 1–3).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 28th day of January, 2019.

Honorable John J. Tuchi
United States District Judge